Crew, J.
On the hearing of this case in the circuit court upon the petition in error of Michael Gr. Schiller, that court set aside the verdict of conviction and reversed the judgment of the court of common pleas, on the sole ground that said court of common pleas erred in its instruction to the jury touching the law which gives to a jury, on the trial of an indictment for murder in the first degree, the right, upon conviction of the accused, to recommend mercy. The finding and judgment of the circuit court as shown by the entry upon its journal under date of November 6,1903, was as follows: ‘ ‘ The said parties appeared by their attorneys, and this cause was heard upon the petition' in error, together with the original papers and pleadings, and a duly certified transcript of the orders and judgment of the court of common pleas of said county, in the case of The State of Ohio v. Michael G. Schiller, and was argued by counsel; on consideration whereof, the court find that in the record and proceedings afore *4 said, there is error manifest upon the face of the record to the prejudice of the plaintiff in error, in this, to-wit: That there is error in the charge of the trial court to the jury, in that the court failed to charge what would be necessary for the accused to show in order to obtain pardon, in case of the verdict of guilty of murder in the first degree* with a recommendation of mercy if made by the jury, and that there are no other errors apparent on the record. It is therefore considered, ordered and adjudged by this court, that the judgment and proceedings of the said court of common pleas, in said action be. and the same hereby are, set aside, reversed and held for naught,” etc. * * *
That the circuit court was right in its finding that there was no error apparent upon the record in said proceedings, judgment and trial in the court of common pleas, except it be found in the charge of the court as stated in this entry, counsel for defendant in error seem now to concede, for no claim or contention is made by them in this court, either in oral argument or in their printed brief, that such finding of the circuit court was unwarranted or erroneous. Neither is it claimed, or even suggested here, that the trial court erred in the admission of testimony, or that the verdict of the jury was not sup-ported by competent and sufficient evidence. Nor do we find in this record, after a careful examination of the same, anything which, in our opinion, would warrant or justify such claim or contention, if made. There is presented then by this record, for our consideration, the single question, did the court of common pleas err in its charge to the jury, or in its failure to charge and instruct the jury, as to just what effect the conviction of defendant, with *5 a recommendation of mercy, would have upon his right thereafter to receive a pardon or obtain a parole. Section 6808, Revised Statutes, provides as follows: “Whoever purposely, and either of deliberate and premeditated malice, or by means of poison, or in perpetrating, or attempting to perpetrate, any rape, arson, robbery, or burglary, kills another, is guilty of murder in the first degree and shall be punished by death, unless the jury trying the accused recommend mercy, in which case the punishment shall be imprisonment in the penitentiary during life. Provided, however, that murder in the first degree as herein defined shall continue to be a capital offense within the meaning of the constitution. And provided, further, no person convicted of murder in the first degree shall be recommended for pardon by the board of pardons, or for parole by the board of managers of the penitentiary, except upon proof of innocence established beyond a reasonable doubt.”
In the charge and instruction submitted to the jury, the trial court, after defining murder in the first degree, and after carefully and correctly describing and defining the several lesser crimes embraced and included in the charge as made in the indictment, and after instructing the jury that it was competent for them, if under the law the evidence should justify and warrant it, to acquit the defendant of the principal charge — that of murder in the first degree — and to find him guilty of either of the lesser crimes embraced or included in said indictment, said to the jury as follows: £ £ The forms of verdict covering the different aspects of the crime charged in this indictment will be given you on 'retiring, and you will use such form as conforms to your finding of fact. *6 The first is that of a general verdict, finding the defendant, Michael Schiller, guilty of murder in the first degree, as he stands charged in the indictment. The second form is exactly like the first with the addition of four words, which are, ‘The jury recommend mercy.’ The statute of this state, as changed some years ago, provides that the jury may, in a case where it finds the defendant guilty of murder in the first degree, if it thinks proper, recommend mercy; the legal effect of such recommendation being to change the penalty of death, fixed for the simple finding of murder in the first degree, to imprisonment for life. ’ ’
It is admitted that the instruction thus given, touching the effect of a recommendation of mercy is, so far as it goes, unobjectionable and free from error; but it is insisted by counsel for defendant in error, and was so held by a majority of the circuit court, that the trial judge should have gone further, and should have advised and instructed the jury, that no person convicted of murder in the first degree, with a recommendation of mercy, shall be recommended for pardon by the board of pardons, or for parole by the boai’d of managers of the penitentiary, except upon proof of innocence established beyond a reasonable doubt; and it is argued here that it is not enough that the court should have said to the jury that if they should find the defendant guilty of murder in the first degree, and should recommend mercy, that the legal effect of such recommendation would be to make his punishment imprisonment in the penitentiary for life, but that it became, and was the imperative duty of the court to go further, • and call their attention to the last proviso of section 6808, Revised Statutes, and to in *7 struct and advise them, that one so convicted cannot be recommended for pardon by the board of pardons, or for parole by the board of managers of the penitentiary, except upon proof of innocence established beyond a reasonable doubt; and it is claimed that the failure of the court to so advise and instruct the jury was error, for which the judgment of conviction in this case was properly reversed by the circuit court. We do not concur in this view, and cannot assent to the correctness of this claim. In this case the trial judge fully, fairly and cor-. rectly instructed the jury as to the rules of law that should govern and control them in their consideration of the evidence in determining the question of the guilt or innocence of the accused; and instructed them that if they should find the defendant guilty of murder in the first degree, it would be their privilege, and their right to recommend mercy, and further informed and instructed them as to the effect such recommendation would have, upon the penalty or punishment to be imposed; the language of the charge- in that behalf being as follows: ' ‘ The legal effect of such recommendation being to change the penalty of death, fixed for the simple finding of murder in the first degree, to imprisonment for life.” The jury was thus correctly advised, not only as to their right to recommend mercy, but as to the effect of such recommendation as well. More than this the defendant was not entitled to. Yet, notwithstanding the fact that the jury was thus told by the court, in express terms and in plain and positive language, that if they found the defendant guilty, and recommended mercy, his punishment would be imprisonment in the penitentiary for life, we are asked in this case to indulge the presumption *8 and to assume as a fact that the jury withheld such recommendation of mercy merely because they were not instructed by the court that after conviction and sentence of the defendant, the board of pardons would not be at liberty and was without right except upon proof of innocence to recommend his pardon or release. We find nothing in this record to warrant such inference or conclusion, or to justify any such holding, especially in view of the fact that the jury was told, without qualification, that his punishment would and must be, in case they recommended mercy, imprisonment for life. No request was made by defendant, or his counsel, for any further or additional charge on this subject, and no objection was made or exception taken to this particular portion of the charge as given. The only exception taken or noted by counsel for defendant, being a general exception to the charge as a whole. It is a familiar and very general rule of practice, applicable alike to criminal and civil causes, that mere partial non-direction, or incomplete instruction, as to a particular matter or issue, does not of itself constitute reversible error, in the absence of a request for more specific and comprehensive instructions upon the particular point or issue involved. In the majority opinion of the circuit court in this case, the judge announcing the same, in commenting upon that portion of the charge of the trial court last above quoted says: “He (the trial judge) says, in case you recommend mercy ‘the legal effect of such recommendation is to change the penalty of death, fixed-for the simple finding of murder in the first degree, to imprisonment for life;’ rather than death, the legal effect will be imprisonment in the penitentiary for life. No, no. It is not the legal *9 effect of finding him gnilty of mnrder in- the first degree, with the recommendation; that is not the legal effect of it. The legal effect of it was to shift the penalty to imprisonment in the penitentiary for life, with the provision that follows in the statute, that under no circumstances shall he be released unless he makes his innocence appear beyond a reasonable doubt. That is the legal effect of it. We insist that when he told the jury that the legal effect, if they found the party guilty of murder in the first degree, with the recommendation of mercy, would be imprisonment for life, he did not state the fact, to the jury as defined by the law, but the legal effect j as charged, would be imprisonment in the penitenti- j ary for life, with the addition to it, that neither the! governor, nor board of pardons, nor the warden of j the penitentiary* nor any other person affected, could ] release him, except upon, proof of his innocence beyond a reasonable doubt.” With all due respect to the learned judge who delivered this opinion, we submit that he misconceived and misinterpreted the scope and effect of the last proviso of section 6808, Revised Statutes. Had the trial court charged the jury, as suggested in this opinion of the circuit court, that if they found the defendant guilty of murder in the first degree and recommended mercy, that the effect of such recommendation would be to shift, or reduce his punishment to imprisonment in the penitentiary for life, but without the right or possibility of pardon, except upon proof of his innocence beyond a reasonable doubt, such charge would have been both misleading and erroneous, and would have, been a misstatement both of the law and the fact. By section 11, article 3 of the state constitution, the governor is invested with full power to pardon for *10 all crimes and offenses, except for treason and in cases of impeachment, and the right so given is in nowise affected or abridged by the last proviso of section 6808, Revised Statutes. Neither is the right of the governor to exercise this pardoning power dependent upon the action or recommendation of the board of pardons, for it is provided by section 409-49, Revised Statutes, that: “The governor shall have full power, notwithstanding the action of said board, to grant or reject any application for the granting of a pardon, commutation of sentence, or reprieve, if, in his judgment, the public interests would thereby be promoted.”
We have very carefully examined the record in this case and find no error in the record arid proceedings of the court of common pleas. After such examination we are entirely satisfied that the defendant in error, Michael G-. Schiller, was fairly tried, was rightfully convicted and that this judgment of conviction should be affirmed. It follows therefore that the judgment of the circuit court should be, and the same hereby is, reversed, and the judgment of the court of common pleas is affirmed.

Judgment of the circuit court reversed, and that of the court of common pleas affirmed.

Spear, C. J., Davis, Si-iauck, Price and Summers, JJ., concur.